*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-243

MARCH TERM, 2012

| | |
|---|---|
| Stephanie Foster | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Family Division |
| | } |
| Darren Brady | } DOCKET NO. 23-2-11 Osfa |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the court's entry order acknowledging that plaintiff had withdrawn her motion to vacate a relief-from-abuse order and that the order therefore remained in effect. To the extent that the court's entry below can be characterized as a final appealable order, we affirm.

In February 2011, defendant's former girlfriend, who was apparently pregnant with defendant's child, filed an emergency complaint for relief from abuse. She averred that when she arrived at her home, the front door locks were off and ten windows were smashed. She stated that there was milk and juice all over her belongings and several items missing from her home. There was also a powdery substance left in her refrigerator. Her neighbors had observed defendant exiting her home. Plaintiff alleged that she was in fear for her life and that of her unborn child, noting that she had obtained relief-from-abuse (RFA) orders in the past and that defendant had abused her. She described this abuse in detail, including an allegation that defendant had sexually assaulted her. The court granted plaintiff's request for a temporary RFA order and set the matter for a hearing. Defendant was personally served with notice of this order and notice of the hearing date, but he failed to attend. The court issued a final RFA order in effect until February 2012. It found that defendant had caused physical harm to plaintiff and sexually assaulted her, and that there was a danger of further abuse. Defendant filed a notice of appeal from this order but this Court dismissed his appeal in July 2011 due to defendant's failure to file his brief and printed case after this Court issued an order requiring him to do so by June 27, 2011.

During the pendency of defendant's appeal, on June 7, 2011, plaintiff filed a motion in the trial court to vacate the RFA order against defendant. On June 15, she filed a motion requesting that the court keep the RFA in place. Two days later, she filed another motion reiterating her request to withdraw her request to vacate the RFA. She stated that defendant had forced her to file the motion to vacate and that she remained in fear for her life and the life of her child. The matter was set for a hearing, and defendant was personally served with notice of the hearing. Defendant was incarcerated at the time. The court denied his request for a transport order but indicated that defendant could participate in the hearing by phone. Defendant did not participate in the hearing, however. Following the hearing, the court issued a short entry order

that stated, "Request to vacate is withdrawn by Plaintiff. RFA remains in effect." Defendant appealed from this entry.

In his brief, defendant appears to focus on the initial merits hearing held in February 2011, asserting that his car broke down and he therefore could not attend the hearing. The merits of the February 2011 decision are not properly before us on appeal. Defendant also alleges that plaintiff has filed false complaints in the past. By failing to appear at the noticed hearing, however, defendant waived his right to challenge plaintiff's credibility. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). This Court does not assess the credibility of witnesses on appeal. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence.").

With respect to the entry that is the subject of defendant's appeal, the court's entry doesn't reflect any substantive order of the court. The court had set plaintiff's motion to vacate for a hearing, and then acknowledged that because plaintiff withdrew the motion, the RFA remained in effect. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error); see also V.R.A.P. 28(a) (appellant's brief shall explain what the issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to the authorities, statutes, and parts of the record relied on).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2